```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| GEORGE BURNS,<br><br>      Plaintiff,<br><br>-against-<br><br>DEPARTMENT OF HEALTH & HUMAN SERVICES,<br><br>      Defendant. | 1:19-CV-2246 (CM)<br><br>ORDER OF DISMISSAL |

COLLEEN McMAHON, Chief United States District Judge:

  Plaintiff, who appears *pro se*, brings this action seeking mandamus relief against the United States Department of Health and Human Services ("HHS").[1] The Court construes Plaintiff's complaint as seeking mandamus relief under 28 U.S.C. § 1361. By order dated September 19, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*.[2] For the reasons discussed below, the Court dismisses this action.

## STANDARD OF REVIEW

  The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint, or portion thereof, when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims]

---

 [1] Plaintiff filed his complaint while held in the Westchester County Jail.

 [2] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

## BACKGROUND

Plaintiff makes the following allegations: He filed a complaint with HHS asserting a violation of the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"). HHS's Office for Civil Rights ("OCR") issued a written determination to Plaintiff informing him that it declined to investigate his complaint. "OCR did not address the merits or factual allegations of [Plaintiff's] claim." (ECF 2, p. 4.) OCR's determination included "information on how to amend private health information." But Plaintiff's "original letter of complaint did not address the issue of amending [private health information.]" (*Id.*) Plaintiff asks this Court to order HHS "to perform duty to investigate." (*Id.* p. 5.)

## DISCUSSION

Under 28 U.S.C. § 1361, "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Mandamus relief is, however, a drastic remedy that should be used only in extraordinary circumstances. *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34 (1980); *Kerr v. United States Dist. Court for the N. Dist. of Cal.*, 426 U.S. 394, 402 (1976). To obtain mandamus relief under § 1361, a plaintiff must show that: "(1) no other adequate means [exist] to attain the relief he desires, (2) the party's right to . . . the [relief] is clear and indisputable, and (3) the [relief] is appropriate under the circumstances." *Hollingsworth v. Perry*, 558 U.S. 183, 190 (2010) (internal quotation marks and citation omitted, first alteration in original).

Plaintiff "has no clear right to relief under HIPAA because HIPAA does not provide a private cause of action through which individuals can enforce its provisions." *Premier Health*

*Ctr., P.C. v. CureMD.com, Inc.*, No. 17-CV-1861, 2018 WL 1578384, *3 (S.D.N.Y. Mar. 28, 2018); *e.g.*, *Orr v. Carrington*, No. 3:18-CV-1986, 2019 WL 176958 , *2 (D. Conn. Jan. 11, 2019) ("HIPAA regulations, however, do not confer a private right of action on an individual."); *Rosado v. Herard*, No. 12-CV-8943, 2014 WL 1303513, at *4 (S.D.N.Y. Mar. 25, 2014) (same). "Moreover, HIPAA's privacy regulations grant HHS discretion as to how to investigate potential privacy violations. This discretion renders mandamus inappropriate since the challenge does not involve a plainly defined or a 'clear nondiscretionary' duty." *Premier Health Ctr., P.C.*, 2018 WL 1578384, at *3 (quoting *Anderson v. Bowen*, 881 F.2d 1, 5 (2d Cir. 1989)) (internal quotation marks omitted); *Wooten v HHS – Office of Civil Rights*, No. 10-CV-3728, 2011 WL 536448, at *6 (S.D.N.Y. Feb. 15, 2011) ("As the underlying HIPAA regulations provide no clear guidelines on enforcement, the HHS has discretion as to how to investigate potential Privacy Rule violations. . . . HHS has the discretion to investigate and enforce potential HIPAA violations."), *aff'd*, 478 F. App'x 708 (2d Cir. 2012) (summary order); *see also Orr*, 2019 WL 176958, at *3 ("The plaintiff's sole remedy for an alleged HIPAA violation is to lodge a written complaint with the Secretary of [HHS], through the [OCR], who has the discretion to investigate the complaint and impose sanctions, both civil and criminal.").

Because Plaintiff has no clear right to the relief he seeks – an HHS investigation of HIPAA violations – this Court cannot force HHS to grant him that relief via this § 1361 mandamus action. The Court therefore dismisses this action for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

## CONCLUSION

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff and note service on the docket. The Court dismisses this action for failure to state a claim on which relief may be granted.[3] 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court also directs the Clerk of Court docket this order as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: October 4, 2019
       New York, New York

                                          COLLEEN McMAHON
                                          Chief United States District Judge

---

[3] District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend.