UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

GEORGE BURNS,

                    Plaintiff,

          -against-

DEPARTMENT OF HEALTH & HUMAN
SERVICES,

                    Defendant.

---

1:19-CV-2246 (CM)

ORDER

COLLEEN McMAHON, United States District Judge:

By order dated September 19, 2019, and entered one day later, the Court granted Plaintiff *in forma pauperis* ("IFP") status as a prisoner. (ECF 5.) The Clerk of Court mailed copies of that order to Plaintiff at his then-address of record—the Westchester County Jail ("WCJ")—and to the warden of that facility on September 23, 2019. By order and judgment dated October 4, 2019, and entered on October 7, 2019, the Court dismissed this *pro se* action. (ECF 6 & 7.) On October 7, 2019, the Clerk of Court mailed a copy of the relevant order of dismissal and civil judgment, along with appeal instructions and a notice of appeal form, to Plaintiff at the WCJ.

On October 15, 2019, the United States Postal Service ("USPS") returned the September 19, 2019 order granting Plaintiff IFP status as a prisoner (ECF 5) to the court with the following notation: "RTS [(Return to Sender)] Attempted Not Know Unable to Forward." On November 14, 2019, the USPS returned the order of dismissal, civil judgment, appeal instructions, and notice of appeal form (ECF 6 & 7) to the court with the following notation: "Attempted – Not Known, Unable to Forward."

Years later, on September 24, 2025, the court received from Plaintiff, who is now incarcerated in the Auburn Correctional Facility ("Auburn"), a motion for an extension of time to file a notice of appeal, brought pursuant to Rule 4(a)(5) of the Federal Rules of Appellate

Procedure ("Rule 4(a)(5)"). (ECF 8.) The motion is dated September 15, 2025, and the envelope that contained it was postmarked September 19, 2025. (*Id.*)

In his motion, Plaintiff alleges that, on May 5, 2019, he was released from the WCJ "to 'behavioral health'/'Westchester Med.'" [1] (ECF 8, at 1.) Plaintiff seems to allege that, on October 4, 2019—the date of the relevant order of dismissal and civil judgment (ECF 6 & 7)—he was at liberty, but was then, at some point, arrested again (ECF 8, at 1).[2]

For the reasons set forth below, assuming Plaintiff seeks as extension of time to file a notice of appeal under Rule 4(a)(5), the Court denies Plaintiff's motion. The Court also construes the motion as seeking to reopen the time to file a notice of appeal under Rule 4(a)(6) of the Federal Rules of Appellate Procedure ("Rule 4(a)(6)"). For the reasons discussed below, the Court also denies the motion in that respect.

**DISCUSSION**

**A.     Rule 4(a)(5) relief**

A party normally has 30 days from the entry date of the order or judgment being challenged to file a timely notice of appeal. *See* Fed. R. App. P. 4(a)(1)(A). The Clerk of Court entered the relevant order of dismissal and civil judgment on October 7, 2019. (ECF 6 & 7.) Thus, Plaintiff had 30 days from that date, or until November 6, 2019, to file a timely notice of appeal. A Rule 4(a)(5) motion for an extension of time to file a notice of appeal must be filed during the period in which a timely notice of appeal must be filed or within 30 days thereafter.

---

[1] This may be a reference to the Behavioral Health Center or another healthcare facility that is affiliated with the Westchester Medical Center. The Court notes, however, that Plaintiff never informed the court of his change of address as to that or any other healthcare facility.

[2] Plaintiff did not inform the court of a change of address when, he alleges, he was at liberty, before he was taken into custody again. In addition, he did not inform the court of his current mailing address—Auburn—until the court received the present motion (ECF 8).

2

*See* Fed. R. App. P. 4(a)(5)(A)(i). Thus, Plaintiff had, at the latest, until December 6, 2019, to file a timely Rule 4(a)(5) motion. Plaintiff did not file the present motion until September 15, 2025, the date he signed the motion while he has been incarcerated in Auburn[3] (*see* ECF 8, at 1), which was five years, nine months, and nine days after the period to file a timely Rule 4(a)(5) motion expired. Thus, to the extent that Plaintiff seeks, under Rule 4(a)(5), an extension of time to file a notice of appeal, the Court denies the present motion as untimely.

**B.    Rule 4(a)(6) relief**

Because Plaintiff appears *pro se* and seems to allege, in the present motion (*see* ECF 8, at 1), that he never received a copy of the relevant order of dismissal, civil judgment, appeal instructions, and a notice of appeal form (ECF 6 & 7), the Court understands the motion as also seeking to reopen the time to file a notice of appeal, under Rule 4(a)(6).

Under that rule:

> [t]he district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
>
> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;

---

[3] Because Plaintiff was incarcerated at the time that he signed the present motion, under the so-called "prison mailbox rule," the Court deems the motion as filed as of September 15, 2025, the date when Plaintiff signed the motion and presumably placed it into his prison's mail system for its mailing to the court. *See Houston v. Lack*, 487 U.S. 266 (1988); *see also Hardy v. Conway*, 162 F. App'x 61, 62 (2d Cir. 2006) (summary order) ("[W]e have never required prisoners to provide affidavits of service to verify when they give their documents to prison officials. Indeed, in the absence of contrary evidence, district courts in this circuit have tended to assume that prisoners' papers were given to prison officials on the date of their signing." (citing cases)); *Walker v. Jastremski*, 430 F.3d 560, 562-64 (2d Cir. 2005) (discussing prison mailbox rule).

> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
> (C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6).

To the extent that Plaintiff seeks relief under Rule 4(a)(6) and alleges that he never received a copy of the relevant order of dismissal and civil judgment (ECF 6 & 7), it would appear that, while he did not receive notice of their entry within 21 days of their entry, he did not file the present motion in a timely manner. The relevant order of dismissal and civil judgment (*id.*) were entered on October 7, 2019. Thus, because Petitioner allegedly never received notice of them, he had 180 days from the date of their entry, or until April 6, 2020, to file a timely Rule 4(a)(6) motion.[4] *See* Fed. R. App. P. 4(a)(6). Plaintiff did file not the present motion until September 15, 2025, *supra* note 3, five years, five months, and nine days after the period to file a timely Rule 4(a)(6) motion expired. Thus, to the extent that Plaintiff seeks, under Rule 4(a)(6), a reopening of the time to file a notice of appeal, the Court denies the present motion as untimely. *See Ryan v. First Unum Life Ins. Co.*, 174 F.3d 302, 305 (2d Cir. 1999) (Rule 4(a)(6) "provides an incentive for parties to periodically inquire as to whether judgment has been entered, since no motion to reopen the appeal period will be timely if presented more than 180 days after entry, regardless of the would-be appellant's ignorance of the entry."); *King v. New York*, No. 11-CV-3810 (KAM), 2016 WL 1056566, at *3 (E.D.N.Y. Mar. 16, 2016) ("The court is sympathetic to plaintiff's allegation that he never received the order or judgment. However, failure to receive

---

[4] Because the last day of that 180-day period actually fell on Saturday, April 4, 2020, that period was extended to the next court business day, Monday, April 6, 2020. *See* Fed. R. App. P. 26(a)(1)(C).

notice of an order or judgment does not constitute grounds to reopen the time to file an appeal when that motion is not filed within 180 days of entry of the order or judgment.").

## CONCLUSION

The Court denies as untimely Plaintiff's motion (ECF 8) to the extent that Plaintiff seeks an extension of time to file a notice of appeal under Rule 4(a)(5) of the Federal Rules of Appellate Procedure. The Court also construes the motion (*id.*) as one seeking to reopen the time to file a notice of appeal under Rule 4(a)(6) of the Federal Rules of Appellate Procedure, but also denies the motion as untimely in that respect.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   December 11, 2025
         New York, New York

COLLEEN McMAHON
United States District Judge

5